UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BG SHOP LLC et al.,<br>               Plaintiffs,<br>    v.<br>MASON COUNTY PORT DISTRICT NO. 216,<br>               Defendant. | CASE NO. C23-5350-KKE<br><br>ORDER DENYING MOTION TO CONTINUE DISCOVERY DEADLINE |

On the deadline to complete discovery, Plaintiffs moved to continue the discovery deadline by at least 30 days to allow for party depositions and to receive documents requested under the Public Records Act ("PRA"). Dkt. No. 21. Defendant opposed the continuance. Dkt. No. 23. Plaintiffs did not file a reply. As explained below, Plaintiffs have failed to show good cause and the motion to continue the discovery deadline is denied.

Because Plaintiffs' motion would require amending the scheduling order (Dkt. No. 12) under Federal Rule of Civil Procedure 16, Plaintiffs must demonstrate "good cause" to extend the discovery deadline. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). The "good cause" analysis turns on whether the movant acted diligently. *Id.* at 609. A determination of whether good cause exists to modify a case schedule is committed to the broad discretion of the district court. *See C.F. ex rel. Farman v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

ORDER DENYING MOTION TO CONTINUE DISCOVERY DEADLINE - 1

Since filing this action in April 2023 (Dkt. No. 1), Plaintiffs have not met any court deadlines or seemingly taken any action to prosecute this case. Plaintiffs failed to comply with the court-ordered joint status report. Dkt. No. 11. Plaintiffs failed to provide initial disclosures, as required under Rule 26(a)(1). Dkt. No. 24 ¶ 5. Plaintiffs also failed to respond to Defendant's discovery requests. Dkt. No. 18 at 1. After Defendant notified the Court of Plaintiffs' failure to participate in the action that *they* initiated, the Court ordered a status conference. Dkt. No. 19. At the hearing on April 26, 2024, neither party identified any need to amend the case schedule. When Plaintiffs indicated they intended to depose Defendant, defense counsel told Plaintiffs' counsel of his upcoming trial schedule that any deposition would need to accommodate those dates. Dkt. No. 24 ¶ 6.

While Plaintiffs now seek additional time to conduct depositions, Plaintiffs have yet to note or formally request *any* depositions. Dkt. No. 24 ¶ 10. Moreover, Plaintiffs did not contact Defendant about scheduling a deposition until May 3, 2024, a full week after being informed of defense counsel's trial schedule at the status conference (Dkt. No. 24 ¶ 6), and only ten days before the end of discovery (Dkt. No. 24-3). Plaintiffs were not diligent in seeking the deposition of Defendant.

Plaintiffs were also not diligent in seeking document discovery. Plaintiffs propounded no document requests to Defendant, and instead informed the Court at the status conference that they would obtain all the documents they needed through public records requests under the PRA. WASH. REV. CODE § 42.56. Plaintiffs now suggest that additional time is needed for discovery because their PRA requests are still outstanding. But Defendant's obligations under the PRA are not subject to the Federal Rules of Civil Procedure. As such, an extension of the discovery deadline will not impact the timeline for processing of Plaintiff's PRA requests. Likewise, Plaintiffs' choice to forego discovery under the Federal Rules and proceed by the PRA does not

support altering the case schedule now.  Moreover, the record reflects that Plaintiffs did not submit their PRA request to Defendant until May 3, 2024.  Dkt. No. 24-4 at 3.  Again, Plaintiffs fail to show diligence and therefore fail to show good cause.

Plaintiffs' motion to continue the deadline for discovery is denied.  Dkt. No. 21.

Dated this 31st day of May, 2024.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge